## THOMAS BRENNAN
## *v.*
## PATRICK TIMMONEY.

1. NEW TRIAL—*verdict contrary to evidence—inspection of original papers.* Suit was brought against two as joint makers of a promissory note, and a recovery was had upon the ruling of the court below that the two names appearing on the note were connected by the character " &."

2. On error, the judgment was reversed, because upon inspection of the original note the Supreme Court found that the supposed character " & " between the names, was the letters " pr.," an abbreviation of " per," and the note was therefore the separate obligation of only one of the parties.

WRIT OF ERROR to the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The case is fully presented in the opinion of the court.

Messrs. McALLISTER, JEWETT & JACKSON, for the plaintiff in error.

Messrs. RUNYON & AVERY, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by Patrick Timmoney in the Superior Court of Chicago, against John O'Neill and Thomas Brennan. The declaration contained two special counts and the usual common counts. The special counts charge the defendants as joint makers of a promissory note, of which this is a copy:

" $1,000.

" Twelve months after date, for value received, I promise to pay Patrick Timmoney, or order, one thousand dollars, with interest at 10 per cent. per annum.

"JOHN O'NEILL,

"Pr. TOM BRENNAN.

"CHICAGO, August 12th, 1857."

O'Neill was defaulted, but Brennan filed three pleas: First, the general issue to the whole declaration; second, a plea denying that he made a joint note with O'Neill, as set forth in the first and second counts of the declaration, but averring that O'Neill alone made the promise. The third was a plea of the statute of limitations to the common counts,—that he did not undertake and promise within five years before the commencement of the suit. The first and second pleas were verified by the affidavit of Brennan. Replications were filed and issues to the country were formed. A trial was had by the court by consent of the parties without a jury. The court found the issues for plaintiff below, assessed the damages, and rendered judgment against both defendants for the amount of the note and interest. Brennan brings the cause to this court on error, to reverse that judgment.

There is no evidence in the record, that O'Neill and Brennan were ever partners, but the evidence tends to show that the latter was the book-keeper of the former. It also appears, that defendant in error went into O'Neill's store, and said to Brennan that he had a certificate of deposit for $1,000, when the latter replied: "We will take that from you and allow you interest on it at ten per cent. per annum," and he accordingly took it. But the principal ground relied upon to sustain the recovery is, the manner in which the note is signed. Defendant in error insists that immediately after the name of O'Neill and before that of Brennan, is the character " & " thus connecting the names conjunctively. While on the other side it is claimed that, instead of being a character, it is the letters " pr." that is written between the names. The evidence of

business men, who swear that they are experts in reading manuscript, concurs that it is "pr." and not the character "&." And they all agree that they are unable to make it the latter character. But the court admitted the note, holding it to be the copulative conjunction "and" and the note consequently joint and not several.

The original note was sent up with the record, and we have inspected it. And, like the experts, we are wholly unable to read it "and," but regard it as reasonably certain that it is "pr.", and we have no doubt it was so intended. From the inspection we have given the note, we are unable to see how it could be mistaken for any thing else. It is true that the letters do not seem to be as perfectly formed as they would have been by a better penman, or even by plaintiff in error, had he taken more time and pains in signing the note. We have no doubt that it was designed for and is the usual contraction of the Latin preposition "per," and we are unable to read it anything else. This being so, there can be no pretense that plaintiff in error is liable on the note. Nor does the verbal evidence in the case disclose any liability under the common counts, nor show that he jointly or otherwise contracted with defendant in error. The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*